UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA INFANTE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 15-cv-06263 |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| DEFENDANT. ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Victoria Infante, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## <u>PARTIES</u>

3. Plaintiff, Victoria Infante ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One Bank USA, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Illinois. Its registered agent and office are Illinois

Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant PRA holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7. Defendant PRA is a junk debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

8. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Capital One Bank USA, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. PRA purportedly purchased the alleged debt sometime thereafter.

12. In response to collection attempts by Defendant, on June 23, 2015, Plaintiff sent a written communication to PRA indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

13. Plaintiff's letter stated, in part, that the amount reported was not accurate.

14. PRA received Plaintiff's communication on June 23, 2015.

15. In July, 2015, PRA communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the open date. (Exhibit D, Excerpt of Plaintiff's Experian credit report).

16. PRA communicated a balance of $1,062 on the alleged debt to Experian.

17. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in July, 2015.

18. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

20. On or before July 1, 2015, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified PRA of that dispute by letter on June 23, 2015.

21. Even though PRA knew or should have known, prior to July 1, 2015, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of Plaintiff's

dispute to the Experian credit reporting agency when PRA communicated other information regarding the alleged debt in July, in violation of 15 U.S.C. § 1692e(8).

22. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

24. Defendant PRA failed to communicate the fact of Plaintiff's dispute to the Experian consumer reporting agency, when it knew or should have known that Plaintiff disputed the alleged debt, when reporting other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880

Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com